# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GERALDINE GUTIERREZ as Administrator of the Estate of Jose Martinez Torres,<br><br>Petitioner,<br><br>vs.<br><br>DIRECTOR OF THE DEPARTMENT OF REVENUE AND TAXATION,<br><br>Respondent. | CIVIL CASE NO. 16-00082<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS, REQUIRING JOINT STATUS REPORT, AND DENYING AS MOOT MOTION TO SHORTEN TIME** |

Before the court are the following motions: Petitioner's Motion for Judgment on the Pleadings; Respondent's Motion for Summary Judgment; Respondent's Motion to Amend Answer; and Respondent's Motion to Shorten Time. *See* ECF Nos. 43, 80, 93, and 94. Petitioner Geraldine Gutierrez has filed a motion for judgment on the pleadings, asserting that the court lacks jurisdiction over the case because Respondent Director of the Guam Department of Revenue and Taxation has not made a final tax determination, as admitted in its Answer. ECF No. 43.

For the reasons stated herein, the court is unable, at this time, to determine whether it has

1

subject matter jurisdiction over the case. Accordingly, Petitioner's motion for judgment on the pleadings is denied without prejudice. The court declines to rule on Respondent's motion for summary judgment and the motion to amend the answer due to the jurisdictional issue. However, the court denies as moot Respondent's motion to shorten time as to the motion to amend. Further, the parties are ordered to submit a joint status report, as detailed below.

## I. BACKGROUND

Petitioner Geraldine Gutierrez, as Administrator of the Estate of Jose Martinez Torres, is seeking a redetermination of tax liability imposed in relation to real property whose ownership is in dispute. *See* Petition, ECF No. 1. A Notice of Deficiency was mailed by the Guam Department of Revenue and Taxation ("DRT") to Petitioner on September 1, 2016, seeking taxes owed for tax years 2007, 2008, 2009, and 2010. *Id.* ¶¶ 4-9. Petitioner claims that DRT has improperly calculated the taxes owed and that the claim is time-barred. *Id.*

In the Answer to the Petition, DRT "[a]dmits that the taxation of the property and the proceeds cannot proceed until CV1124-09 is resolved." Ans. ¶ 12, ECF No. 6. CV1124-09 is a case in the Guam Superior Court brought to determine whether the Estate of Jose Martinez Torres owns the property that is the subject of the Notice of Deficiency, with Petitioner advocating in that court that the Estate owns the property and the Government of Guam asserting that it does not. *See* Mot. for J. on Pleadings 3, ECF No. 43; Tr. from Oct. 10, 2017 at 10:8-13, ECF No. 59-1 at 13. As counsel for DRT has admitted in court, any judgment in this case "would have to be conditional on the decision of the Superior Court about ownership of the land." Tr. from Oct. 10, 2017 at 28:1-3, ECF No. 59-1 at 23.

Based on DRT's admission that any judgment in this case is conditional on what the Guam

Superior Court decides with regard to ownership of the property that was assessed in DRT's Notice of Deficiency, Petitioner has now filed for judgment on the pleadings, claiming the Court lacks jurisdiction over DRT's claims because no valid determination has been made. ECF No. 43.

Subsequent to Petitioner's motion, but while it was pending, Respondent filed a motion for summary judgment on the merits of Petitioner's claim. *See* ECF No. 80. In addition, Respondent has filed a motion to amend the answer, and a motion to shorten time with regard to the motion to amend. *See* ECF Nos. 93 and 94.

## II.     LEGAL STANDARD

A motion for judgment on the pleadings is "properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The analysis under Rule 12(c) is "substantially identical" to that under Rule 12(b)(6), as a court "must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.*[1]

## III.     DISCUSSION

Petitioner seeks a judgment that the court lacks jurisdiction over Respondent's claims because

---

[1] Respondent contends that Petitioner has converted its motion for judgment on the pleadings to a motion for summary judgment, as Petitioner has introduced evidence outside the pleadings to support the motion. Resp. Supp. Br. 1, ECF No. 70. The court has reviewed the pleadings and other evidence outside of the pleadings submitted by Petitioner (Pet's. Supp. Br., ECF No. 68), and concludes that the outcome is the same regardless of whether the evidence outside the pleadings is considered. The evidence in Petitioner's supplemental brief addresses whether DRT erred in classifying the transfer of property, which goes to the merits of Petitioner's claims, not to the jurisdictional question. As the evidence does not bear on the question of subject matter jurisdiction, the court declines to consider the evidence from the supplemental brief in deciding this motion and also declines to convert the motion to a motion for summary judgment.

the Notice of Deficiency is invalid given that the Estate's ownership of the property at issue has not been determined, and because DRT has admitted that it misclassified the transfer of property as a gift. Mot., ECF No. 43; Pet's. Supp. Br., ECF No. 68. DRT argues that the Notice was not deficient, but because any taxes owed cannot be determined until the Guam Superior Court case is complete, the court should consider staying the case. Resp. Br., ECF No. 53; Resp's. Supp. Br., ECF No. 70.

In tax cases involving challenges to determinations of liability, a court may exercise jurisdiction only if a valid notice of deficiency has been filed. *Elings v. CIR*, 324 F.3d 1110, 1112 (9th Cir. 2003). Here, Petitioner has filed for a redetermination of the substance of the Notice of Deficiency that DRT issued, but now is also challenging the Notice's validity and this court's jurisdiction to rule on the merits. In challenging the Notice, Petitioner relies on *Scar v. CIR*, which Respondent contends does not apply to the facts of this case. *See* Mot. 3; Resp. Br. 4-6.

In *Scar*, the taxpayers sought to challenge a Notice of Deficiency from the Internal Revenue Service that disallowed several deductions that they claimed. 814 F.2d 1363, 1365 (9th Cir. 1987). After filing a petition for a redetermination of tax liability, they filed a motion to dismiss for lack of jurisdiction, claiming the notice of deficiency was invalid. *Id*. The tax court denied the motion, and the Ninth Circuit reversed. The Ninth Circuit clarified that the notice need not take a particular form, but must "at a minimum indicate that" the agency has "determined the amount of the deficiency." *Id*. at 1367. With respect to the Scars, no determination had been made because the information must relate to the taxpayer at issue. *Id*. at 1368. Specifically, the notice "contained an explanation of a tax shelter completely unrelated to their return as filed," and therefore no determination as to the Scars had been made. *Id*. at 1367-68. The notice was thus invalid, and the court lacked jurisdiction over the

4

petition. *Id*. at 1370.

In this case, it is undisputed that the Notice of Deficiency addressed alleged tax liabilities for real property that may or may not be owned by the Estate. Each party has taken arguably inconsistent views between the Guam Superior Court and this court. In the superior court, Petitioner asserts ownership and the Government denies that the Estate owns the property. By contrast, here, Petitioner claims that because there is no legal decision as to whether it owns the property, the Estate owes no taxes on it and the Notice of Deficiency is invalid, and the Government claims that the Notice is valid because the real property assessed clearly relates to Petitioner. Regardless of these litigation positions, the court finds that it is unable to determine at this time whether it has subject matter jurisdiction over the case, as it is undisputed that ownership of the real property is undecided.

As *Scar* makes clear, a notice of deficiency must include a determination based on information that relates to the relevant taxpayer. Here, if the property in dispute is found to be owned by the Estate, then the Notice is valid because DRT clearly made a determination based on information related to the relevant taxpayer. If the superior court reaches the contrary conclusion, the Notice will therefore contain an assessment of property unrelated to the Estate and, as in *Scar*, will be invalid. Accordingly, the Court may or may not have subject matter jurisdiction over the petition, but this cannot be determined on the information currently known to the court. Accordingly, Petitioner's motion for judgment on the pleadings is denied without prejudice.

## IV. CONCLUSION

Based on the foregoing, Petitioner's motion for judgment on the pleadings (ECF No. 43) is **DENIED WITHOUT PREJUDICE**.

As discussed above, the court cannot determine whether a final and valid determination of deficiency has been made and therefore whether the Court has jurisdiction over Petitioner's claims. This case has been pending for nearly three years, and the parties have not indicated whether the underlying superior court case to determine ownership of the Estate has been resolved. Accordingly, the parties are hereby **ORDERED** to submit a joint status report about the superior court case and their positions as to whether a stay pending resolution of the superior court case is appropriate. The joint status report shall be filed no later than October 12, 2018.

In addition, absent a decision as to whether the court has jurisdiction over the case, the court lacks authority to address Respondent's motion for summary judgment and motion to amend its answer. *See* ECF Nos. 80 and 93. However, the court hereby **DENIES AS MOOT** the motion to shorten time with respect to the motion to amend (ECF No. 94), as the time for the parties to file, as set forth in LR 7(f), has lapsed.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Sep 29, 2018**